IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ALEXANDRA L. EBERLEY                                                      PLAINTIFF


    v.                                    CIVIL NO. 25-3051


FRANK BISIGNANO, Commissioner
Social Security Administration                                           DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Alexandra L. Eberley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on Augusts 16, 2022, alleging an inability to work since March 8, 2018, due to epilepsy, posttraumatic stress disorder, and anxiety. (Tr. 91, 238, 245).  For DIB purposes, Plaintiff maintained insured status through June 30, 2022. (Tr. 18, 254). An administrative video hearing was held on April 18, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 46-81).

By written decision dated July 11, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).  Specifically,

the ALJ found Plaintiff had the following severe impairments: seizures-epilepsy, adjustment disorder with depression and anxiety, posttraumatic stress disorder (PTSD), and avoidant personality traits. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: no ladders, ropes, or scaffolds, no unprotected heights, no moving mechanical parts, no open flames or deep water, no motor vehicles, no sharp objects; not the sole caregiver for small children or infants; can understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; is able to have only occasional social interaction with the general public.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a hand packager, an industrial cleaner and a floor cleaner. (Tr. 38-39).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 18, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

2

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

### III.   Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: A) The ALJ's RFC determination is not supported by substantial evidence; B) The ALJ determination that Plaintiff is able to perform medium work is not support by substantial evidence as it is entirely incompatible with the current condition of Plaintiff's mental state and chronic seizures; C) The ALJ erred in the application of relevant C.F.R. Rules; and D) The ALJ erred in failing to evaluate the combined effect of all of Plaintiff's impairments. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 15).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is

[also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ determined Plaintiff maintained the RFC to perform at all exertional levels of work with nonexertional limitations to include being limited to work that did not involve the use of ladders, ropes, or scaffolds, unprotected heights, moving mechanical parts, open flames, deep water, motor vehicles, sharp objects, or being the sole caregiver for small children or infants. (Tr. 22). The ALJ further found Plaintiff could understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; and was able to have occasional social interaction with the general public. *Id.* In making this RFC determination, the ALJ found that the Seizure Disorder Medical Assessment completed by Plaintiff's treating neurologist, Dr. Harshad Ladha, on July 25, 2023, was partially persuasive. (Tr. 32-34, 913-918). The ALJ noted Dr. Ladha reported that Plaintiff experienced both generalized tonic-clonic and myoclonic seizures with a frequency of 1-3 per week, that Plaintiff does not always have a warning of an impending seizure, and that the seizures do not occur at a particular time of the day. However, the ALJ did not include some of the limitations found in Dr. Ladha's assessment and failed to explain why these additional limitations were not included in the RFC. Specifically, Dr. Ladha opined that Plaintiff's seizures were likely to disrupt the work of co-workers, that Plaintiff would need more supervision at work than an unimpaired worker, and that Plaintiff was unable to take a bus alone. (Tr. 915). While the ALJ is not required to incorporate every limitation from a medical opinion into the RFC, "once a medical opinion is found to be persuasive, an ALJ must explain any inconsistencies between the limitations found in that opinion and the ultimate RFC." *Harris v. Dudek*, No. 4:23-CV-1705, 2025 WL 776516, at *3 (E.D. Mo. Mar. 10, 2025) (citations omitted). The record before the Court is inadequate to permit meaningful

review of the decision to omit Dr. Ladha's opinion that Plaintiff's seizures were likely to disrupt the work of co-workers, that Plaintiff would need more supervision at work than an unimpaired worker, and that Plaintiff was unable to take a bus alone. On remand the ALJ should consider all of the functional limitations in Dr. Ladha's opinion and should either incorporate those limitations into the RFC or explain why an excluded limitation was not adopted. *Stafford v. Kijakazi*, 2022 WL 350861 at *4 (W.D.Mo. Feb. 7, 2022) (Finding ALJ erred where the RFC deviated from an opinion the ALJ found generally persuasive).

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of April 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

6